UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESS R. SMITH,

Petitioner,

v.

MICHAEL OBENLAND,

Respondent.

Case No. C14-517 (BJR)

ORDER ADOPTING REPORT AND RECOMMENDATION

I. INTRODUCTION

Petitioner Jess R. Smith, a state prisoner who is currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington, filed a petition for writ of habeas corpus seeking relief from his 2000 King County Superior Court conviction by jury verdict for first degree felony murder under 28 U.S.C. § 2254. Petitioner raises seven grounds for relief: 1) prosecutorial vindictiveness, 2) failure to provide a self-defense instruction, 3) violation of speedy trial rights, 4) denial of state habeas rights, 5) defective charging document, 6) *Brady*[1] violation, and 7) violation of due process.

The petition was referred to Magistrate Judge Brian A. Tsuchida for resolution pursuant to Federal Rule of Criminal Procedure 59(b). Dkt. No. 23. Magistrate Judge Tsuchida determined that the petition was barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d) and, thus, recommended that it be denied. Dkt. No. 23. Petitioner timely filed objections to the Report and Recommendation stating that he "was never provided adequate notice and opportunity to present reasons why his Habeas petition is timely before this court." Dkt. No. 24.

---

[1] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Here, Petitioner contends that "the Prosecutor failed to disclose material statements of its witnesses and violated due process by withholding evidence that could have changed the result of the trial." Dkt. No. 4 at 12.

1

By Minute Order dated October 23, 2014, this Court remanded the matter to Magistrate Judge Tsuchida "to allow Petitioner an opportunity to file a brief in support of his petition for habeas relief." Dkt. No. 25. On November 28, 2014, Petitioner filed his brief. Dkt. 31. On January 9, 2014, Magistrate Judge Tsuchida issued a second Report and Recommendation, and again recommended dismissal of the petition as time barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). On January 22, 2014, Petitioner timely filed his objections to the second Report and Recommendation. Dkt. No. 33.

This Court reviews *de novo* the portion of the Report and Recommendation to which Petitioner objects. Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify" the recommendation. Fed. R. of . Crim. P. 59(b)(3).

For the reasons stated below, this Court holds that Magistrate Judge Tsuchida reached the correct conclusion in finding that Petitioner's habeas petition is time barred and should be dismissed. Therefore, Petitioner's objections are OVERRULED and the Court will ADOPT the Report and Recommendation.

## II.   BACKGROUND

The background of this case is set out in *State v. Smith*, No. 58779-0-I, 148 Wash. App. 1021, at *1-5 (Wash. Ct. App. Jan. 26, 2009) and the Report and Recommendation. In brief, in February 2001, Petitioner pleaded guilty to second degree felony murder predicated on assault of Dale Bateman. *Id.* at *2. Petitioner shot Bateman four times during the commission of a drug deal between Petitioner, Calvin Wilson (Petitioner's accomplice), and Bateman.[2] *Id.* at *1. In 2005, the Court of Appeals of Washington reversed Petitioner's felony murder conviction based on the holding in *In re Pers. Restraint of Andress*, 56 P.3d 981 (Wash. 2002), and *In re Pers.*

---

[2] The drug deal was a set-up of which Bateman was not aware. The purpose of this set-up was for Wilson and Petitioner to retrieve the information from Bateman about the disappearance of money and drugs that belonged to Shane Accetturo, a drug dealer with whom Bateman had some drug related affairs. *State v. Smith*, No. 58779-0-I, 148 Wash. App. 1021, at *1 (Wash. Ct. App. Jan. 26, 2009).

*Restraint of Hinton*, 100 P.3d 801 (Wash. 2004). *Id.* at *2.[3] On April 7, 2005, after the trial court entered an order vacating his second degree felony murder conviction, Petitioner was arraigned on amended charges of one count of felony murder in the first degree with robbery and kidnapping as the underlying predicates and one count of intentional murder in the second degree. *Id.* In August 2006, the jury found Petitioner guilty in separate verdicts of felony murder in the first degree and manslaughter in the first degree. *Id.*

Petitioner appealed his conviction to the Washington Court of Appeals. Dkt. No. 18, Ex. 4 and Ex. 5. On January 26, 2009, the Court affirmed his conviction, but struck the manslaughter conviction and remanded "to the trial court for any further proceeding that are necessary." *State v. Smith*, No. 58779-0-I, 2009 148 Wash. App. 1021, at *7 (Wash. Ct. App. Jan. 26, 2009). On April 14, 2010, the Washington Court of Appeals issued its mandate. Dkt. 18, Ex. 12. On October 21, 2010, the trial court entered an order vacating the manslaughter conviction. *Id.*, Ex. 13.

On October 18, 2010, Petitioner filed a motion to vacate the judgment in the trial court, asking the court to vacate the 2006 judgment and sentence and reinstate the 2001 judgment and sentence. *Id.*, Ex. 14. This would have resulted in vacation of Petitioner's first degree murder conviction and reinstatement of his second degree murder conviction. The trial court transferred the motion to the Washington Court of Appeals to be treated as a personal restraint petition. *Id.*, Ex. 15. On July 3, 2012, after Petitioner filed a motion to withdraw his personal restraint petition, the Washington Court of Appeals dismissed it. Dkt. No. 33, Ex. 2. On October 12, 2012, the Court issued a certificate of finality. Dkt. No. 18, Ex. 17.

---

[3] The Court of Appeals held that assault could not be a predicate felony to trigger the second degree felony murder conviction because at the time Smith committed the offense, there was no criminal statute in effect to yield such result. *State v. Smith*, No. 48449–4–I, 125 Wash.App. 1026, at *1 (Wash. Ct. App. Jan. 31, 2005).

3

On October 18, 2011, Petitioner filed a second personal restraint petition[4] in the Washington Court of Appeals. *Id.*, Ex. 24-25. On May 3, 2013, the Court dismissed the petition as untimely pursuant to RCW 10.73.90. The Appellate Court held that Petitioner's judgment and sentence became final on April 14, 2010 when the mandate was issued in the direct appeal of the 2006 judgment and sentence, therefore, the petition was filed more than a year after the final judgment was rendered in violation of the statute of limitations under RCW 10.73.090. Dkt. 18, Ex. 28. The Court also noted that when the trial court vacated the manslaughter conviction in October 2010, that act did not constitute resentencing because the trial court did not exercise independent judgment, or review, or rule on any issue as to the felony murder conviction. Dkt. 18, Ex. 28.

On May 21, 2013, Petitioner filed a motion for discretionary review in the Washington Supreme Court. *Id.*, Ex. 29. On January 23, 2014, the Supreme Court denied review agreeing with the Appellate Court that the petition was barred by the statute of limitations. *Id.*, 30. On February 21, 2013, Petitioner moved to modify the ruling. Dkt. 18, Ex. 31. On April 2, 2014, the Court denied the motion without comment. *Id.*, 32. On April 23, 2014, the Washington Court of Appeals issued its certificate of finality. *Id.*, Ex. 33.

On April 9, 2012, Petitioner filed a motion to compel disclosure of "Brady material withheld from the defense" in the trial court. *Id.*, Ex. 34. The trial court transferred the motion to the Washington Court of Appeals to be treated as a personal restraint petition. *Id.*, Ex. 35. On September 14, 2012, the Washington Court of Appeals dismissed the petition because the issue had been previously raised in Case No. 68084-6-I (the untimely filed second personal restraint petition) and would be adequately addressed there. *Id.*, Ex. 36. On the same date, the Court issued its certificate of finality. *Id.*, Ex. 37.

---

[4] The first personal restraint petition was filed on October 18, 2010. *See* Dkt. No. 33, Ex. 1. On January 21, 2011, Petitioner filed a motion for stay, which the Court granted on February 14, 2011. *See Id.* Finally, on July 3, 2012, the stay was lifted and the petition was dismissed on Petitioner's own motion to dismiss. *Id.*

On September 30, 2012, Petitioner filed a motion to unseal the documents in the trial court. *Id.*, Ex. 38. Specifically, Petitioner asked to unseal personal notes of Patty O'Donnell. *Id.* The trial court again transferred the motion to the Washington Court of Appeals to be treated as a personal restraint petition. *Id.*, Ex. 39. On June 18, 2013, the Washington Court of Appeals returned the motion to the trial court, holding that it did not constitute a personal restraint petition because motions to unseal are properly addressed to—and decided by—the Superior Court. *Id.*, Ex. 40. On June 26, 2013, the Washington Court of Appeals issued its certificate of finality. *Id.*, Ex. 41.[5]

On April 8, 2014, Petitioner filed the present federal habeas corpus petition. Dkt. No. 1. The petition was referred to Magistrate Judge Tsuchida for a Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), this Court now turns to Petitioner's objections to the Report and Recommendation.

## IV.   DISCUSSION

### A. Petitioner's Objection to Magistrate Judge's Finding that the Petition Is Time barred

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas corpus petitions by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). In pertinent part, § 2244(d)(1) states that "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

---

[5] Petitioner subsequently filed four other motions challenging the sealing of Patty O'Donnell's notes: 1) On June 11, 2013 in the Washington Supreme Court; 2) on September 19, 2013 in the trial court; 3) on September 22, 2013 in the Washington Court of Appeals; 4) on April 15, 2014 in the Washington Supreme Court.

Where a habeas petitioner sought direct review by the highest state court but did not file a petition for a writ of certiorari in the United States Supreme Court, the AEDPA one-year limitation period for seeking federal habeas review begins to run when the time for seeking certiorari expires. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, "the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Id.*

Petitioner's conviction became final on April 14, 2010 when the mandate was issued in the direct appeal of the 2006 judgment and sentence. Dkt. No. 18, Ex. 28. *White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1), which states that statute of limitations runs from "the conclusion of direct review or the time for seeking such review"). Therefore, time for seeking certiorari with the United States Supreme Court began to run the next day and expired 90 days later, on July 13, 2010. The 28 U.S.C. § 2244(d)(1) one-year statute of limitations period began to run the next day and ran for 96 days. *See Bowen*, 188 F.3d at 1159.

A properly filed state court application for post-sentence relief tolls the statute of limitations for the time the application remains pending in state court. 28 U.S.C. § 2244(d)(2). Here, Petitioner filed a motion to vacate in superior court on October 18, 2010, which was then transferred to the Washington Court of Appeals to be treated as a personal restraint petition. Dkt. 18, Ex. 14-15. This tolled the statute of limitations until July 3, 2012, when the Washington Court of Appeals dismissed the petition on Petitioner's own motion. *Id.*, Ex. 16. Then, the statute of limitations began to run again and expired 269 days later, on March 29, 2013.

On April 8, 2014, more than one year after expiration of the statute of limitations, Petitioner filed his habeas corpus petition. Therefore, Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d).

Petitioner argues that the judgment did not become final until October 21, 2010 when the trial court vacated the manslaughter conviction as the Washington Court of Appeals instructed it

to do on remand. Petitioner points to *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2001) where the Court held that in cases where the Court of Appeals partially or wholly reverses the sentence or conviction, the judgment does not become final "until the district court has entered an amended judgment and the time for appealing that judgment has passed." However, Petitioner's reliance on *Colvin* is misplaced. First, *Colvin* is Ninth Circuit federal precedent. Petitioner does not point to any authority that would direct this Court to overlook the Washington State's highest court decision as to when the judgment became final in a state proceeding. Second, even if this Court applies the rule stated in *Colvin*, the October 21, 2010 vacation of Petitioner's manslaughter conviction does not become the final judgment for the purposes of the habeas corpus limitation period. The rule in *Colvin* applies to the judgments that can be appealed, and that become final after the time for appeal passes. *See Colvin*, 204 F.3d at 1225. The Washington Court of Appeals explicitly stated that the amended judgment is not appealable where the lower court strictly follows the instructions of the Court of Appeals without exercising any discretion. *State v. Mahone*, 989 P.2d 583, 585 (Wash. Ct. App. 1999). When reviewing Petitioner's second untimely personal restraint petition, the Washington Court of Appeals stated that when the trial court vacated the manslaughter conviction in October 2010, that act did not constitute resentencing because "the trial court did not exercise independent judgment, or review or rule on any issue as to the felony murder conviction." Dkt. No. 18, Ex. 28. Therefore, the October 21, 2010 vacation of Petitioner's manslaughter conviction was not an appealable judgment. Rather, it merely mirrored the decision by the Court of Appeals on direct appeal, and the trial court had no discretion to do anything else. Dkt. No. 18, Ex. 3 at 16.

      Nor is the Court persuaded by Petitioner's argument that his filing of the second personal restraint petition tolled the federal statute of limitations. Washington state law has one year statute of limitations to file a collateral review after the judgment becomes final. RCW 10.73.90. The judgment becomes final when "an appellate court issues its mandate disposing of a timely

7

direct appeal from the conviction . . . ." RCW 10.73.90. Here, Petitioner filed the second personal restrain petition on October 18, 2011, more than 18 months after the Washington Court of Appeals issued the April 14, 2010 mandate on his direct appeal. Therefore, the second personal restraint petition was untimely. Accordingly, the second personal restraint petition was not a properly filed petition as required by § 2244(d)(2), and, therefore, could not toll the federal statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding that untimely filed state petition is not properly filed for the purposes of 28 U.S.C. § 2244(d)(2)).

Nor is Petitioner rescued by the filing of his third personal restraint petition, on April 9, 2012. This restraint petition is untimely for the reasons stated *supra*, and, therefore, not properly filed for the purposes of 28 U.S.C. § 2244(d)(2). Nevertheless, even if it is assumed that the third petition tolled the federal habeas corpus statute of limitations, and, therefore, the statute did not resume running until September 14, 2012 (instead of July 3, 2012 when the Washington Court of Appeals dismissed the first timely personal restraint petition), it would have run on June 8, 2013. Thus, Petitioner's April 8, 2014 habeas corpus petition would still be untimely.

      B.      The Motions to Compel Do Not Toll the Statute of Limitations

Next, Petitioner argues that the motions he filed to challenge the sealing of Patty O'Donnell notes properly tolled the limitation period within the scope of 28 U.S.C. § 2244(d)(2).[6] Petitioner's argument fails. These motions do not constitute an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). In each case, Petitioner sought to have the notes of Patty O'Donnell unsealed—he did not seek nor could the proceeding have resulted in a review of Petitioner's conviction or sentence. *See, e.g.*, *Wall v. Kholi*, 562 U.S. 545, n.4 (2011) (stating that "a motion for post-conviction discovery or a motion for appointment of counsel, generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order

---

[6] *See* Part III *supra* discussing Petitioner's challenges of sealing of the notes of Patty O'Donnell.

relief from a judgment"). Therefore, the motions to compel cannot be the basis for tolling the statute of limitations.

### C. Equitable tolling

Lastly, Petitioner argues that he is entitled to equitable tolling because he was in segregation and was not provided his legal materials. Dkt. No. 33 at 5. Petitioner is correct that the statute of limitations governing habeas petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003)). In addition, in *Soto v. Lopez*, 575 Fed. Appx. 740, 741 (9th Cir. 2014), the Ninth Circuit declined to apply equitable tolling where the petitioner failed to demonstrate that ordinary prison conditions like segregation and lack of access to the legal material "amounted to an extraordinary circumstance beyond his control preventing him from timely filing his federal habeas petition." Here, Petitioner raised identical arguments to those rejected by the Ninth Circuit in *Soto v. Lopez*. 575 Fed. Appx. 740, 741 (9th Cir. 2014). Therefore, Petitioner has failed to demonstrate extraordinary circumstances that prevented him from filing his habeas corpus petition on time and Petitioner is not entitled to the equitable tolling.

### D. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. 28 U.S.C. § 2253(c). A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Here, "no reasonable jurist could disagree with dismissing as time-barred a habeas petition that was filed beyond the one-year statute of limitations where the record establishes that equitable tolling is not warranted." *Knapp v. Glebe*, No. C14–5602, 2014 WL 6901779, at *6 (D. W.D.Wash. Dec. 5, 2014). Therefore, under the standard stated in *Miller-El v. Cockrell*, Petitioner is not entitled to a certificate of appealability in this matter. 537 U.S. 322, 336 (2003).

## V.    CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Petitioner's objections to Magistrate Judge Tsuchida's Report and Recommendation are OVERRULED;

2. Petitioner's April 8, 2014 habeas corpus petition is untimely under 28 U.S.C. § 2244(d);

3. Petitioner is not entitled to equitable tolling;

4. Petitioner's request for a certificate of appealability is DENIED;

5. Accordingly, the Report and Recommendation is HEREBY ADOPTED.[7]

SO ORDERED.

*[signature: Barbara J. Rothstein]*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[7] Although the district court has discretion to hold the evidentiary hearing, *see Schriro v. Landrigan*, 550 U.S. 465, 473 (2007), such hearing is not necessary here because "such hearing would [not] enable [Petitioner] to prove the petition's factual allegations, which, if true, would entitle [Petitioner] to federal habeas corpus relief" as Petitioner's habeas corpus petition is untimely. *Id.* at 474; *see also id.* (stating that "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record") (internal citation omitted).