UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESS R. SMITH, | ) |
|       *Petitioner*, | ) CASE NO.   C14-517 BJR |
| v. | ) |
| | ) ORDER DENYING MOTION FOR |
| MICHAEL OBENLAND, | ) RECONSIDERATION |
|       *Respondent*. | ) |

    Before the Court is Petitioner's motion to reconsider this Court's April 1, 2015 Order Adopting the Report and Recommendation of Magistrate Judge Tsuchida. However, before the Court could address Petitioner's motion, he appealed the April 1, 2015 decision to the Ninth Circuit Court of Appeals, thereby extinguishing this Court's jurisdiction over the matter. On June 11, 2015, the Ninth Circuit instructed this Court to resolve Petitioner's pending motion for reconsideration. Having reviewed the motion, the relevant case law, and the record of the case, this Court will deny the motion.

    Pursuant to Local Rule 7(h)(1), motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of: (1) manifest error in the ruling, or (2) new facts or legal authority that could not have been brought to the attention of the court earlier, through

1

reasonable diligence. Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir.1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 at 790). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D.Wash.1987).

As previously stated, Petitioner seeks reconsideration of this Court's April 1, 2015 Order in which this Court adopted the recommendation of Magistrate Judge Tsuchida that Petitioner's habeas petition be denied as time-barred because it was filed more than a year after his state post-conviction proceedings became final. This Court determined that Petitioner's conviction became final on April 14, 2010 when the Washington Court of Appeals issued its mandate on Petitioner's direct appeal of his 2006 state court conviction. The time for seeking federal habeas review was tolled for various reasons (the reasons are set forth in the April 1, 2015 Order and will not be restated here) until March 29, 2013. Petitioner did not file his federal habeas petition until April 8, 2014, more than one year after the expiration of the statute of limitations. Accordingly, this Court adopted Magistrate Judge Tsuchida's recommendation and dismissed Petitioner's habeas petition as untimely.

In the instant motion, Petitioner argues that this Court "overlooked" evidence that Washington State's Attorney General's Office "concede[d]" that Petitioner's state post conviction proceedings "were not final until 2012-2013." Dkt. No. 37 at 2. Petitioner claims that he filed this evidence—an alleged admission contained in a brief filed by the Attorney General's

Office in a lawsuit Petitioner filed Clallam County, Washington—with the Court on March 27, 2015. In other words, Petitioner submitted this evidence to the Court *after* Magistrate Judge Tsuchida issued the report and recommendation, *after* Petitioner filed his objections to the report and recommendation, and *after* this Court adopted the report and recommendation. Petitioner admits that he had the Attorney General's "concession" in his possession *before* he filed his federal habeas petition. *See* Dkt. No. 36 at 2 (noting that he filed the civil rights case in Clallam County before he filed the present habeas petition). Petitioner provides no explanation as to why he waited until this late date to bring the alleged concession to the Court's attention. As such, the alleged concession is not a proper ground for reconsideration of the April 1, 2015 Order. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (a party may not use a motion for reconsideration to present new evidence for the first time when it could reasonably have been presented earlier in the litigation).

What is more, even if this Court were to take the Attorney General's alleged concession at face value, such a concession does not overcome Washington State's statutory authority, which states that a conviction becomes final when the Appellate Court issues a mandate disposing of a timely direct appeal from the conviction. *See* RCW 10.73.90(3)(b). Likewise, it does not take precedent over decisions of the Washington Supreme Court and Appellate Court, both of which held that Petitioner's conviction became final on April 14, 2010.

The remaining arguments raised by Petitioner in the motion for reconsideration were all addressed in the April 1, 2015 Order. As such, the Court will not address them again here. *See In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd & remanded*, *Greco v. Troy Corp*., 952 F.2d 406 (9th Cir.1991) (motions for reconsideration are not for rehashing the same arguments made

1  the first time, or to assert new legal theories or new facts that could have been raised at the initial
2  hearing).
3        For the foregoing reasons, the Court HEREBY DENIES Petitioner's motion for
4  reconsideration (Dkt. No. 37).
5        Dated this 25th day of June, 2015.

*/s/ Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge